E-FILED
Friday, 09 December, 2005  08:43:06 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SUE ALTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-3074 |
| ) | |
| THOMAS BENIGNO, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Thomas Benigno's Motion to Strike Plaintiff Sue Altman's Motion for Summary Judgment (d/e 65).[1] Defendant moves to strike Plaintiff's Motion for Summary Judgment or, in the alternative, to strike the statement of facts contained in Plaintiff's Motion for Summary Judgment.  Defendant complains that Plaintiff's Motion for Summary Judgment violates the Central District of Illinois' Local Rule 7.1(D)(1(b) which states, "A WORD OF CAUTION: Material

---

[1] The Court notes that this Motion was originally filed by Defendants Thomas Benigno and Jacqueline Dicianni.  However, on Plaintiff's own Motion, Jacqueline Dicianni was dismissed as a party Defendant.  Therefore, the Court will consider the Motion only as filed by Thomas Benigno.

1

facts are only those which bear directly on the legal issue raised by the motion." For the reasons set forth below, Benigno's Motion is ALLOWED. The Statement of Facts' portion of Altman's Motion for Summary Judgment is stricken. Based on this conclusion, the Court strikes Altman's Motion for Summary Judgment, but grants her leave to refile.

Benigno objects to Plaintiff's Motion for Summary Judgment because it contains many facts that do not directly relate to Plaintiff's claims of due process violations against Defendant. Benigno notes that Altman herself acknowledged in her Motion for Summary Judgment that she included facts that do not directly relate to the alleged due process violations. See Plaintiff's Motion for Summary Judgment (d/e 59), p. 28.

Benigno argues that Plaintiff alleges non-material facts regarding non-issues in her Statement of Facts, including the facts related to Plaintiff's request for a job audit that was granted but to which Plaintiff feels Defendant took too long to respond, and the facts related to Plaintiff's lateral transfer to a different position. Benigno further argues that the aforementioned facts are not only irrelevant to the present case, but are also inadmissible at trial under Fed. R. Evid. 404, because those facts go to non-material habit evidence being used to show Defendant's conformity with

past behavior. In response, Altman argues that the Statement of Facts contained in her Motion for Summary Judgment includes facts that are relevant to the instant case. Plaintiff further states that the inclusion of facts related to her employment history at the Secretary of State's Office (Secretary's Office) and her upward job reallocation request is relevant to demonstrate the lack of regard for due process in the Secretary's Office. Plaintiff states that the Central District of Illinois' "Local Rule 7.1(D)(1)(G) [sic] must not be read to exclude relevant evidence." <u>Plaintiff's Response to Motion to Strike Plaintiff's Motion for Summary Judgment (d/e 69)</u>, p. 3.

Local Rule 7.1(D)(1)(b) states, "A WORD OF CAUTION: Material facts are only those which bear directly on the legal issue raised by the motion." Further, Local Rule 7.1(D) provides that "[a]ny filings not in compliance may be stricken by the court." The Seventh Circuit, in <u>Waldridge v. American Hoechst Corp.</u>, held that the district courts have discretion to determine whether the local rules governing summary judgment motions should be applied strictly. <u>Waldridge</u>, 24 F.3d 918, 923 (7th Cir. 1994). The Court further noted that strictly enforcing the local rules significantly benefits the Court as it does not "have the advantage of the parties' familiarity with the record and often cannot afford to spend the

3

time combing the record to locate the relevant information." Id. at 923-24. Indeed, "the district court's role in deciding the [motion for summary judgment] is not to sift through the evidence." Id. at 920.

The Court thus finds that Plaintiff's Motion for Summary Judgment contains many facts that do not relate to the legal arguments raised by Plaintiff in her Amended Complaint. Some of the facts in Plaintiff's Motion can be stated more succinctly. Further, it is not necessary for Plaintiff to summarize the testimony of every witness, especially those that do not bear directly on the legal issue raised by the Motion. Thus, the Court in its discretion strikes the Statement of Facts contained in Plaintiff's Motion for Summary Judgment. As a result of this conclusion, the Court strikes Altman's Motion for Summary Judgment, but grants her leave to resubmit a motion for summary judgment that complies with the Central District of Illinois' Local Rules.

THEREFORE, Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment, or in the alternative, to Strike the Statement of Facts (d/e 65) is ALLOWED. The Statement of Facts' portion of Altman's Motion for Summary Judgment is stricken. Based on this conclusion, the Court strikes Altman's Motion for Summary Judgment, but grants her leave

to resubmit a motion for summary judgment, complying with the Local Rules. Altman must resubmit her motion for summary judgment within 30 days from the date of this Opinion.

IT IS THEREFORE SO ORDERED.

ENTER: December 8, 2005.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE