IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SUE ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3074 |
| | ) | |
| THOMAS BENIGNO, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Sue Altman's Motion for Sanctions and Other Relief (d/e 68) and Plaintiff's Motion to Strike Certain Alleged Additional Undisputed Facts Contained in Defendant's Response to Plaintiff's Motion for Summary Judgment with Incorporated Memorandum of Law (d/e 78). Altman contends that sanctions are appropriate in this case because certain statements in Defendant Thomas Benigno and Deponent Steve Roth's affidavits are deceptive, prevent Plaintiff from obtaining necessary information, and thus, fail to comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26 (Rule 26). In the alternative, Altman argues that, even

1

if the Court deems that sanctions are not appropriate, the Court should reopen discovery to allow Altman to take a Federal Rule of Civil Procedure 30(b)(6) (Rule 30) deposition(s) and award fees and costs related to the Motion and further discovery. Altman also asks the Court to strike Defendant's alleged Additional Undisputed Facts 6, 7, 8, 14, and 15 contained in Defendant's Response to Plaintiff's Motion for Summary Judgment, based on the fact that those statements violate Rule 26. Altman further asks the Court to strike Additional Undisputed Fact 17 on the basis of hearsay, foundation, and relevancy. For the reasons stated below, Plaintiff's Motion for Sanctions and Other Relief and Plaintiff's Motion to Strike are DENIED.

## BACKGROUND

On March 26, 2004, Plaintiff filed this action against Defendant alleging violation of her due process rights under the Fourteenth Amendment of the United States Constitution.[1] On April 20, 2004, Plaintiff filed an Amended Complaint (d/e 4). On June 10, 2004, Defendant moved to dismiss Plaintiff's Amended Complaint, arguing that

---

[1] The Court notes that Plaintiff originally filed this action against three Defendants: Jacqueline Dicianni, Daniel O'Connell, and Thomas Benigno. However, the Court dismissed Dicianni and O'Connell as party Defendants.

2

Plaintiff had no property interest in either the December 2002 or December 2003 salary increases. In the alternative, Defendant argued that even if Altman had such an interest, she had not exhausted her administrative remedies, and that Altman's claim was barred by the doctrine of qualified immunity. The Court denied the Motion to Dismiss. See Order entered October 27, 2004 (d/e 13). On December 7, 2004, a written scheduling order directed the parties to complete discovery by September 15, 2005. See Scheduling Order entered December 7, 2004 (d/e 16). Pursuant to this order, Altman deposed Roth on August 9, 2005. On September 15, 2005, the last day of discovery, Altman deposed Defendant Benigno. On October 24, 2005, Defendant filed a Motion for Summary Judgment (d/e 56). Plaintiff also filed a Motion for Summary Judgment (d/e 59) on October 25, 2005. The Court has not yet ruled on the cross motions for summary judgment.

## ANALYSIS

Altman asks the Court to sanction Defendant Benigno for failing to comply with the initial disclosure requirements of Rule 26(a)(1)(A). In the alternative, Defendant argues that even if the Court deems that sanctions are not warranted in this case, the Court should allow Plaintiff to take a

3

Rule 30(b)(6) deposition. Rule 26 (a)(1)(A) provides that parties must disclose the name of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment . . . ." Fed. R. Civ. P. 26 (a)(1)(A). Under the rule, there is no duty to reopen discovery if a witness is made known to the parties during initial discovery.

In support of her argument, Altman claims that Benigno testified in his deposition that he specifically instructed the Personnel Department not to give any salary increases to Altman in both December 2002 and December 2003. Altman claims that Benigno, however, has not identified the name of the individual in the Personnel Department with whom he communicated regarding the salary increases. Further, Altman states that "Benigno is now claiming someone in Personnel made the decision that the salary increase be a general increase" and has waited until a motion for summary judgment to claim that unidentified persons in the Personnel Department were responsible for the above decisions. Plaintiff's Motion for Sanctions and Other Relief, p. 2. Altman, therefore, argues that Benigno was required under Rule 26 to disclose the person or persons in the Personnel Department with whom he had communicated and to identify the

4

person who had classified the salary increases in December 2002 and December 2003 as general increases, rather than merit or superior performance increases which require performance evaluations.

Altman further argues that sanctions are warranted in this case because certain statements in Roth's affidavit violate the initial disclosure requirements of Rule 26(a)(1)(A). Altman states that Roth, in his affidavit, makes numerous references to the Executive Office's role in salary increases, but fails to identify the specific individual(s) who acted on the salary increases and to explain the basis of his knowledge for the facts related to the Executive Office. Altman claims that Roth's affidavit fails: (1) to specify the person in the Personnel Department who actually made the decision to enter the December 2002 and December 2003 salary increases into the computer, (2) to identify the person who determined a general increase was improper and relabeled the increases as salary adjustments in December 2002, and (3) to identify the person who actually determined a downward adjustment would be appropriate for Altman and other employees.

Altman also argues that Benigno violated the pay plan for merit compensation employees in various ways. Specifically, Altman states that, contrary to Benigno's assertion that he authorized merit increases for

5

employees in December 2002 and December 2003, the only salary increases that could have been given during those years were general increases. This is based on the fact that no performance evaluations were given for the salary increases in December 2002 and December 2003, and such evaluations are required for both merit and superior performance increases. Altman also states that the granting of upward salary "adjustments" to employees receiving general increases in December 2002 and December 2003, as well as the granting of downward salary "adjustments" to those employees who were not to receive an increase in December 2003, violated the pay plan because there is no evidence that necessary considerations for "adjustments" were made as required under the pay plan.[2]

Benigno, in response, argues that all of the witnesses and documents

---

[2] According to the Pay Plan:
An employee may receive a downward adjustment in base salary for the purpose of "correcting a previous error or oversight" or when required "in the best interests of the department and the Office of the Secretary of State." Adjustments must have prior written approval of the Director of Personnel. In determining the appropriateness of a request for salary adjustment-downward, the Director of Personnel will consider whether the need for the adjustment is substantiated, whether the action is consistent with the treatment of other similar situations and whether the action is equitable in view of the particular circumstances prompting the request. This adjustment will not change the employee's creditable service date." Plaintiff's Motion for Sanctions and Other Relief, Exhibit, p. 2-3.

6

he used to support his Motion for Summary Judgment were disclosed either in initial disclosures or through discovery. Benigno argues that Altman should have been more diligent in conducting her discovery. He argues that he has not disclosed the name of the individual in the Personnel Department with whom he communicated regarding the salary increases in December 2002 and December 2003, because Altman never asked for such information.

Rule 26(a)(1)(A) requires the parties to disclose "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). The rule further provides that parties are not required to supplement initial disclosures if the specific information has otherwise been made known to the other parties during the discovery process. The Advisory Committee Notes to the 2000 Amendment to Rule 26 provide that "[t]he scope of the disclosure obligation is narrowed to cover only information that the disclosing party <u>may use to support its position</u>." The Amendment further limits the disclosure obligation to witnesses or documents that a party intends to use in supporting its claims or defenses.

In order to determine whether Benigno violated the initial disclosure

requirements of Rule 26, the Court first examines whether Altman had sufficient notice of the "unidentified persons" defense put forth by Benigno in his Motion for Summary Judgment. Benigno testified in his deposition that he did not authorize any salary increases for Altman in December 2002 and December 2003. <u>Defendant's Motion for Summary Judgment</u>, Exhibit A, <u>Deposition of Thomas Benigno (Benigno Deposition)</u> at 60-61, 69. He stated that he communicated his decision to the Personnel Department, which then entered the appropriate salary increases into the computer system. <u>Id.</u> at 61. Benigno consistently testified that he was not involved in taking away the salary increases from Altman after giving her such increases; he testified that he was only involved in determining that Altman should not receive the raises. Benigno testified that the increases given during the two years were merit increases, not general increases. <u>Id.</u> at 57, 74. He further testified that he did not play any role in labeling the salary increases as "general increases." <u>Id.</u> at 59-60. He testified that the Personnel Department was responsible for labeling the increases as such. <u>Id.</u>

      Benigno's statement in his deposition gave Altman sufficient notice of the "unidentified persons" defense put forth by Benigno and, therefore, she, at that point, had the opportunity: (1) to ask Benigno at his deposition

to whom he had spoken in the Personnel Department about not giving the December 2002 and December 2003 salary increases to Altman and about labeling the raises for other employees as "merit" raises. Furthermore, because Benigno does not intend to use these unidentified persons as witnesses, he is not obligated by Rule 26(a)(1)(A) to disclose their identity. Another factor that counts against Altman's request for a Rule 30(b)(6) deposition is that she waited until September 15, 2005, the last day of discovery, to depose Benigno. Altman could have deposed Benigno earlier; he is a party whose identity was always known to Plaintiff. These factors weigh against granting Altman's Motion for Sanctions, or, in the alternative, for a Rule 30(b)(6) deposition.

Further, the Court disagrees with Altman's claim that Benigno is now, for the first time, claiming the "unidentified person" defense in his summary judgment motion. Benigno has consistently stated that he denied Plaintiff the raises and that Personnel was told not to give her the raises. To the extent Plaintiff was given a raise in December 2002, it was contrary to Benigno's express instructions -- and therefore done by an "unidentified person." In addition, Altman had more than ample opportunity to obtain the information that she now claims she needs. In fact, Altman deposed

9

several key employees in the Personnel Department, including Steve Roth (senior legal advisor to the Personnel Department), Sue Prevost (Chief Deputy Director and Acting Director of the Personnel Department), Tina Prose (former Director of Personnel), Diana Underwood (head of the Transactions Unit of the Department of Personnel), Arlene Pulley (Manager of the Benefits Unit of the Department of Personnel) and Robert Fetter (Personnel Specialist). If Altman wanted to learn the details of how decisions were made within the Personnel Department or how information was communicated between the Executive Office and the Personnel Department, she had the opportunity to ask those questions when she was deposing the employees in the Personnel Department. After foregoing that opportunity, Altman cannot now claim that Benigno violated Rule 26(a)(1)(A).

Altman's claims regarding the lack of information provided in Roth's affidavit are equally unavailing. Altman faults Roth's affidavit for not identifying the individuals who were responsible for: (1) entering the increases in December 2002 and December 2003 as general increases, (2) re-labeling the December 2002 general increases as salary adjustments and (3) determining that a downward adjustment should be made as to Altman

and other employees in December 2003. Roth did, however, provide some of the information that Altman now seeks. Roth testified that either Jesse White or Defendant Benigno would have made the decision not to give a general salary increase to certain employees in 2002. <u>Defendant's Motion for Summary Judgment</u>, Exhibit C, <u>Deposition of Steve Roth</u> at 29. He said he was verbally given the names of those who were not to receive a general salary increase, and then he relayed them to Diana Underwood in Personnel. <u>Id.</u> He also testified in his deposition that, in early 2003, he and Diana Underwood determined that classifying the December 2002 salary increases as "general increases" was improper and, thus, relabeled the increases as "salary adjustments." <u>Id.</u> at 39-40.

  Moreover, if the identities of the individuals in the Personnel Department involved in the decisions regarding the December 2002 and December 2003 salary increases were critical to Altman's case, she should have conducted additional discovery. Altman took Roth's deposition on August 9, 2005. The parties were directed to complete discovery by September 15, 2005. After Roth's memory failed him at his deposition, Altman had more than a month to ask for a Rule 30(b)(6) deposition before the close of discovery in this case, but failed to act. Such a deposition now

11

is, therefore, untimely.

Turning to Altman's claim that Benigno violated the pay plan, the Court finds that such evidence, again, does not demonstrate that he violated Rule 26. Benigno is required to disclose witnesses or documents that he "may use to support [his] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)&(B). Even if Benigno violated the pay plan, that fact does not indicate that he has an undisclosed witness or a document that he intends to use to support his defense. Thus, the Court sees no basis for sanctions. In addition, both Benigno and Roth stated in their depositions that the Personnel Department performed the transactions at issue. As explained above, Altman had sufficient notice from Roth's deposition to conduct a Rule 30(b)(6) deposition of a representative of the Personnel Department before discovery closed. Therefore, neither sanctions nor Rule 30(b)(6) depositions are appropriate in this case.

Based on the above conclusion, the Court further finds that Plaintiff's Motion to Strike Defendant's Alleged Additional Undisputed Facts 6, 7, 8, 14, 15, and 16 contained in Defendant's Response to Plaintiff's Motion for Summary Judgment, for violating Rule 26, is without merit.

The Court finally turns to Altman's claim regarding Additional Undisputed Fact 17 (Fact 17) contained in Defendant's response to Plaintiff's motion for summary judgment. Plaintiff argues that Fact 17 should be stricken on the basis of hearsay, foundation and relevancy.[3] The Court finds that Fact 17 is not hearsay, is marginally relevant, and has foundation.

Turning first to the hearsay and foundation issues, the Court finds that Fact 17 is not hearsay. Fact 17 provides that "Secretary of State Jesse White never authorized a general increase in 2002 or 2003 and did not authorize a salary increase for Ms. Altman in either 2002 or 2003." Defendant's Response to Plaintiff's Motion for Summary Judgment (d/e 74), p. 35. This statement is supported by Benigno's affidavit. Defendant's Motion for Summary Judgment, Exhibit F, Affidavit of Thomas Benigno, ¶ 6. Defendant argues that this statement is not based on anything someone else said, but based on Benigno's first-hand knowledge. The Court agrees with Defendant. Benigno is Jesse White's Chief of Staff; therefore, as White's Chief of Staff and the second person in command, Benigno would

---

[3]The Court notes that Plaintiff's claims regarding Fact 17 are devoid of any supporting facts or explanation.

have known about White's decision. His position as Chief of Staff, therefore, provides the foundation for how he knows this information.

Next, the Court finds that Fact 17 is relevant to Altman's claim that she was given a pay increase in both December 2002 and December 2003. Fact 17 is relevant because it may tend to make Altman's claim less probable. Benigno's statement regarding whether he needed White's approval to authorize salary increases for employees was vague. He testified that there were times when he authorized salary increases without recommending such increases to White for his approval, but there were other times when salary recommendations were submitted to White for his approval. See Benigno Deposition at 21. In light of Benigno's testimony, the fact that White never authorized any salary increases for Altman in December 2002 and December 2003, is relevant since White is the office holder. However, the relevance is only marginal because Benigno apparently had the power to authorize raises without White's approval. The Court will not strike Fact 17.

The Court sees no violation of Rule 26 and, thus, finds that neither sanctions nor Rule 30(b)(6) depositions are warranted in this case. The Court further finds that Plaintiff's Motion to Strike Certain Alleged

Additional Undisputed Facts contained in Defendant's Response to Plaintiff's Motion for Summary Judgment is without merit. THEREFORE, Altman's Motion for Sanctions and Other Relief (d/e 68) and Plaintiff's Motion to Strike (d/e 78) are DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: December 13, 2005.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE